THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SHIBUMI SHADE, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>BEACH SHADE LLC and<br>MATTHEW FINNERAN<br><br>    Defendants. | Civil Action No: 5:23-cv-00297<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shibumi Shade, Inc. ("Shibumi" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendants Beach Shade LLC ("Beach Shade LLC") and Matthew Finneran ("Finneran") (collectively "Defendants"), and, in support thereof, allege as follows:

## THE PARTIES

1.   Plaintiff Shibumi is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located at 5540 Centerview Dr., Suite 204 PMB 48925, Raleigh, NC 27606.

2.   Defendant Beach Shade LLC is a limited liability corporation organized and existing under the laws of the State of North Carolina with its principal office at 5701 Thistleton Lane, Raleigh, North Carolina 27606. Defendant Beach Shade LLC may be served with process by serving its registered agent Matthew Finneran at 5701 Thistleton Lane, Raleigh, North Carolina 27606, or as otherwise authorized under applicable law.

3.   Upon information and belief, Defendant Matthew Finneran is an individual residing in the State of North Carolina. Upon information and belief, Mr. Finneran is a director,

officer, and/or owner of the Beach Shade LLC and has had direction and control over the actions of the Defendants complained of herein. Upon information and belief, Mr. Finneran may be served at his primary address, 5701 Thistleton Lane, Raleigh, North Carolina 27606.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271 and for false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq.* and the Lanham Act, including 15 U.S.C. § 1125(a).

6. This Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367 because those claims arise from part of the same case or controversy as the federal question claims.

7. This Court has personal jurisdiction over Defendants, and venue is proper in this District, because Mr. Finneran is domiciled within this District and Defendant Beach Shade LLC has a regular and established place of business within this District. Upon information and belief, Defendants actively and regularly conduct business within the State of North Carolina and within this District and continuous, systematic, and substantial presence within this District. Further, upon information and belief, Defendants' infringement of Plaintiff's patent and Defendants' unfair or deceptive acts or practices are occurring within the State of North Carolina and this District through Defendants' importation, manufacture, and distribution of the "Beach Shade Cordless" (hereinafter referred to as the "Accused Product" or simply "Beach Shade Cordless") within the State of North Carolina and this District and through Defendants' sales of or offers to sell the Accused Product in the State of North Carolina and in this District.

8. Venue as to Defendants is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**FACTS**

9. Plaintiff was founded in 2016 by two brothers and a longtime friend who grew up visiting Emerald Isle, North Carolina every summer. The founders recognized the problems with traditional beach umbrellas, which were flimsy, bulky, and difficult to assemble and set out to create a new design that would be both lightweight and easy to assemble in 2015. The founders worked for more than a year out of their home to perfect their design for the ideal beach shade before formally launching the Shibumi Shade in 2016.

10. Today, the Shibumi Shade is used and sold throughout the United States and has gained widespread recognition for its superior design and high quality of its products, which are still sewn in North Carolina and Virginia and sold through its website, www.shibumishade.com, through Amazon.com, and at select retail locations throughout the United States, including 27 retail locations in North Carolina, approximately 21 of which are within this District.

11. The founders also set out to protect their designs and intellectual property. Plaintiff makes every attempt to protect its intellectual property rights, to protect its reputation, and to protect its customers from confusion in the marketplace. To that end, Plaintiff has obtained U.S. Patent No. 11,634,924 (the "924 Patent" or the "Patent-in-Suit").

12. Plaintiff owns all right, title, and interest in and to the Patent-in-Suit.

13. Plaintiff's innovations did not end with the Patent-in-Suit. Plaintiff also has multiple additional issued utility patents, including U.S. Patent Nos. 10,753,117, 10,190,330, 11,111,690, 11,255,103, 11,299,904, and 11,536,046, and pending design patents with the U.S. Patent and Trademark Office, including Application Nos. 29/709,175, 29/753,433, and 29/860,120 (which will issue on June 13, 2023 as US Pat. No. D989350). Plaintiff is

continuously developing its intellectual property portfolio and is in the process of preparing additional filings with the U.S. Patent and Trademark Office.

14. Plaintiff makes, distributes, offers to sell, and sells products, including the Shibumi Shade and Shibumi Shade Mini, that practice the Patent-in-Suit as well as the inventions incorporated into Plaintiff's other utility patents and pending design patent applications. Plaintiff has marked the covered products in accordance with 35 U.S.C. § 287.

15. Plaintiff has been manufacturing and selling retail products utilizing its unique design since 2016 online and in select retail stores throughout the United States. Plaintiff has invested significant time, money, and effort in promoting the Shibumi Shade. In addition, the Shibumi Shade is easily visible and instantly recognizable when in use by beachgoers. The combination of Plaintiff's promotional efforts and the highly visible nature of the product when in use has resulted in significant commercial success and public recognition for the product's distinctive design and appearance. The Shibumi Shade has become a beach staple and can be seen lined up on the beach for miles during the summer. The Shibumi Shade has even been featured in prominent newspapers and magazines, including *The New York Times*, *The Wall Street Journal*, *Garden & Gun Magazine*, *USA Today*, *Travel + Leisure*, *Forbes*, *Dwell*, and in TV shows on PBS. Exemplary photographs of the Shibumi Shade and demonstrating its prolific use by consumers are provided below.









16. Defendants recognized the extensive success and popularity of the Shibumi Shade and sought to copy Plaintiff's innovations and distinctive designs in an effort to unfairly compete with Plaintiff. The first such attempt was in 2021, immediately upon the formation of Beach Shade LLC. In an effort to unfairly compete with Shibumi, Defendants unlawfully copied Shibumi's innovative and distinctive design and began selling the first iteration of its product

6

("Beach Shade Gen 1") on their website, Facebook, and Instagram on or around May 24, 2021 and on Amazon on or around June 2, 2021.

17. As shown in the following side-by-side comparisons, the Beach Shade Gen 1 was a near identical copy of the Shibumi Shade:






18. After numerous requests that Defendants cease infringing Shibumi's intellectual property, Shibumi was forced to file suit and seek emergency relief from Defendants' infringement. On June 11, 2021, Shibumi filed suit in this District against Defendants and concurrently filed a Motion for Preliminary Injunction seeking to enjoin Defendants from selling

7

and marketing Beach Shade Gen 1. *See Shibumi Shade, Inc. v. Beach Shade LLC et al.*, No. 5:21-cv-256-FL, Dkts. 1, 3 (E.D.N.C. June 11, 2021).

19. On February 8, 2022, this Court entered an Order granting-in-part Plaintiff's Motion for Preliminary Injunction, prohibiting Defendants from engaging in the sale and marketing of the Beach Shade Gen 1. *Shibumi Shade, Inc. v. Beach Shade LLC et al.*, No. 5:21-cv-256-FL, Dkt. 41 (E.D.N.C. Feb. 8, 2022). On March 22, 2022, Defendants filed a Motion for Reconsideration, requesting reconsideration of the Injunction Order and that the injunction be lifted. *Shibumi Shade, Inc. v. Beach Shade LLC et al.*, No. 5:21-cv-256-FL, Dkt. 52 (E.D.N.C. Feb. 8, 2022). In its Order dated September 16, 2022, this Court granted-in-part and denied-in-part the Motion for Reconsideration, upholding the injunction, but requiring Plaintiff to post additional security. *Shibumi Shade, Inc. v. Beach Shade LLC et al.*, No. 5:21-cv-256-FL, Dkt. 67 (E.D.N.C. Sept. 16, 2022). The original suit is ongoing and currently in the claim construction discovery phase.

20. Despite the pending original suit and the existing injunction, Defendants sought to make insignificant modifications to their Beach Shade product to avoid Shibumi's intellectual property, introducing their new product, "Beach Shade Cordless" (the "Accused Product"), on or around May 3, 2023.

21. However, Defendants failed to avoid Shibumi's intellectual property. The Accused Product is still a nearly identical copy of the Shibumi Shade, as shown in the following side-by-side comparisons:






22. Defendants unlawfully copied Plaintiff's innovations and distinctive designs in an effort to unfairly compete with Plaintiff. Defendants have, upon information and belief, imported, manufactured, distributed, sold, or offered to sell the Accused Product in the United States, including within the State of North Carolina and within this District.

23. Defendants describe and provide photos of the Accused Product on its website at www.beachshade.com. A copy of the Defendants' website advertising the Accused Product and the corresponding photos (as accessed on May 8, 2023) is attached hereto and incorporated herein by reference as Exhibits A and B.

24. Upon information and belief, Defendants established the Beach Shade LLC website, www.beachshade.com, on or before April 2021 and began advertising and selling the Accused Product on their website on or around May 8, 2023. *See* Exhibits A and B. Upon

information and belief, Defendants began selling the Accused Product on Amazon on or around May 3, 2023. Ex. C. Further, upon information and belief, Defendants offer the Accused Product for sale on their website and on Amazon for $199.00, and promote that this price is lower than Shibumi's price for the Shibumi Shade. *See* Exhibits B and C. Upon information and belief, Defendants began advertising the Accused Product on their Facebook and Instagram on or around May 13, 2023. *See* Exhibits D and E.

25. Upon information and belief, Defendant Beach Shade LLC is the alter ego of Defendant Finneran. Upon information and belief, Defendant Beach Shade LLC is completely controlled by its Chief Executive Officer, Mr. Finneran. Upon information and belief, Mr. Finneran is Chief Executive Officer of Beach Shade LLC. Upon information and belief, Beach Shade LLC and Mr. Finneran share the same office space at 5701 Thistleton Lane, Raleigh, North Carolina 27606. Upon information and belief, Mr. Finneran treats Beach Shade LLC's corporate funds as his own personal funds and fails to maintain any separate corporate identity. Upon information and belief, Beach Shade LLC is undercapitalized and funded primarily by Mr. Finneran in his individual capacity.

    **A.**    **Defendants' Infringement of the '924 Patent**

26. The '924 Patent, entitled "SHADING SYSTEM AND METHOD OF USE," was duly and legally issued on April 25, 2023 to Dane Brooks Barnes, Alexander Griffith Slater, and Scott Christian Barnes. A true and accurate copy of the '924 Patent is attached hereto and incorporated herein by reference as Exhibit F.

27. The Accused Product infringes one or more claims of the '924 Patent, including at least each and every element of Claim 13 either literally or under the doctrine of equivalents, as set forth below and in the claim chart attached as Exhibit G.

28. Claim 13 of the '924 Patent recites:

13. A system for providing shade onto a surface, the system comprising:

a frame defined by a plurality of sections and comprising a cable extending therethrough, each of the plurality of sections being engageable with at least one adjacent section to define the frame in a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration has a corkscrew shape for engaging a surface;

a canopy extending between a first end and an opposing second end, the first end of the canopy extending between a left end and a right end; and

at least one fastener that secures the canopy in position relative to the frame, wherein the second end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface,

wherein the at least one fastener has a higher coefficient of friction with respect to a coefficient of friction of the plurality of sections of the frame, and

wherein the second end of the canopy defines a tail, the tail being engageable with or coupleable to an anchor for securing the canopy into position.

29. The Accused Product either literally or equivalently contains a system for providing shade onto a surface. *See* Ex. G at 1.

30. The system of the Accused Product either literally or equivalently comprises a frame defined by a plurality of sections and comprising a cable extending therethrough, each of the plurality of sections being engageable with at least one adjacent section to define the frame in

a supporting configuration and thereby disengageable to define the frame in a transport configuration, wherein each of a left end and a right end of the frame in the supporting configuration has a corkscrew shape for engaging a surface. *See* Ex. G at 1-3.

31. The system of the Accused Product either literally or equivalently comprises a canopy extending between a first end and an opposing second end, the first end of the canopy extending between a left end and a right end. *See* Ex. G at 4.

32. The system of the Accused Product either literally or equivalently comprises at least one fastener that secures the canopy in position relative to the frame, wherein the second end of the canopy is spaced apart from the frame in the supporting configuration such that the canopy is supportable by the frame and at least partially supportable by wind in a first configuration for providing shade to the surface, and wherein the at least one fastener has a higher coefficient of friction with respect to a coefficient of friction of the plurality of sections of the frame. *See* Ex. G at 4-5.

33. The system of the Accused Product either literally or equivalently comprises the second end of the canopy defines a tail, the tail being engageable with or coupleable to an anchor for securing the canopy into position. *See* Ex. G at 6.

## COUNT I – INFRINGEMENT OF THE '924 PATENT

34. Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

35. Plaintiff is the owner of the '924 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '924 Patent against infringers, and to collect damages for all relevant times.

36. Defendants have, either alone or in concert, directly infringed and continue to infringe the '924 Patent, either literally or through the doctrine of equivalents, by making, using,

12

Case 5:23-cv-00297-FL   Document 1   Filed 06/05/23   Page 12 of 16

importing, supplying, distributing, selling and/or offering for sale the Beach Shade Cordless within the United States, in violation of 35 U.S.C. § 271(a).

37. Upon information and belief, Defendants have made and continue to make unlawful gains and profits from its infringement of the '924 Patent.

38. At least as early as June 11, 2021, Defendants have been on notice and have had knowledge of the application that resulted in the '924 Patent and that Defendants' products were alleged to infringe Plaintiff's intellectual property. At least as early as May 5, 2023, Defendants have been on notice of Plaintiff's allegations of infringement of the '924 Patent by its Beach Shade Cordless product. Defendants' infringement of the '924 Patent has been willful and deliberate at least since this date.

39. Plaintiff has been damaged and irreparably harmed by Defendants' infringement of the '924 Patent for which Plaintiff is entitled to relief under 35 U.S.C. § 284. Plaintiff will continue to suffer damages and irreparable harm unless Defendants are enjoined preliminarily and permanently by this Court from continuing their infringement.

## COUNT II – UNFAIR AND DECEPTIVE TRADE PRACTICES
### N.C. Gen. Stat. §§ 75-1.1

40. Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

41. Plaintiff is based in North Carolina and is therefore entitled to the protections afforded under the laws of the State of North Carolina.

42. Plaintiff invested significant time, money, and effort in advertising and promoting the Shibumi Shade and, as a result, the Shibumi Shade is associated exclusively with Plaintiff by the consuming public.

43. Defendants' acts and conduct as alleged above, including Defendants' infringement of Plaintiff's utility patent and intentional copying of Plaintiff's design, constitute unfair or deceptive acts or practices in or affecting North Carolina commerce, as defined by N.C. Gen. Stat. § 75-1.1.

44. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer pecuniary damages, including but not limited to losses and damages in an amount to be determined at trial. Defendants' conduct therefore justifies an award of treble damages pursuant to N.C. Gen. Stat. § 75-16.

45. Because much of the damages suffered by Plaintiff as a result of Defendants' conduct is and will be irreparable, for which Plaintiff has no adequate remedy at law, Plaintiff is further entitled to preliminary and permanent injunctive relief.

46. Defendants have willfully engaged in the acts and practices alleged in this Complaint. For these reasons, Plaintiff is further entitled to recover attorneys' fees from Defendants under N.C. Gen. Stat. § 75-16.1(1).

## ATTORNEYS' FEES

47. Pursuant to 35 U.S.C. § 285, Plaintiff seeks reasonable attorneys' fees in this case.

## JURY DEMAND

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Shibumi respectfully seeks the following relief:

A. that Defendants be declared to have directly infringed one or more of the claims of the '924 Patent under 35 U.S.C. § 271(a);

B. that the making, using, offering to sell, and/or selling within the United States,

and/or importation into the United States of the Accused Product will constitute an infringement of the '924 Patent;

  C. that the Court issue preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the '924 Patent by Defendants, their officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

  D. that the Court order an accounting for all monies received by or on behalf of Defendants and all damages sustained by Plaintiff as a result of Defendants' aforementioned infringements, that such monies and damages be awarded to Plaintiff, and that interest and costs be assessed against Defendants pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 154(d);

  E. that the Court declare that Defendants' infringement was and is willful from the time it became aware of the infringing nature of their product and award treble damages for the period of such willful infringement of the '924 Patent, pursuant to 35 U.S.C. § 284;

  F. for a judgment that, by the acts complained of above, Defendants have engaged in acts of unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1;

  G. that the Court declare this an exceptional case and order that Defendants pay to Plaintiff its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117;

  H. that the Court award Plaintiff treble damages pursuant to N.C. Gen. Stat. § 75-16; and

  I. that the Court award such further and other relief to Plaintiff as the Court deems just, together with its costs and disbursements in this action.

Dated: June 05, 2023

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Samuel B. Hartzell
North Carolina Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: 919-755-2112
Facsimile: 919-755-6772
Sam.Hartzell@wbd-us.com

Preston H. Heard (*pro hac vice* to be filed)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 862-7527
Facsimile: (404) 879-2966
Preston.heard@wbd-us.com

*Attorneys for Plaintiff Shibumi Shade, Inc.*