IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-297-FL

| | | |
|---|---|---|
| SHIBUMI SHADE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BEACH SHADE LLC, and MATTHEW FINNERAN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court upon plaintiff's motion to seal a declaration filed in support of its motion for preliminary injunction, (DE 22), and defendants' motion seeking expedited discovery, an extension of time within which to file their opposition brief to plaintiff's injunction request of at least two weeks after their receipt of that sought-after discovery, and hearing following close of briefing on plaintiff's motion for preliminary injunction. (DE 25). The court in its discretion grants plaintiff's motion to seal for good cause shown. For reasons also following, it denies defendants' motion for discovery.

A.  Plaintiff's Motion to Seal

Plaintiff moves to file under seal declaration of Dane Barnes ("Barnes"), one of its co-founders, citing competitive harm that would stem from disclosure of "confidential sale and profit information." (DE 22 ¶ 1). When considering a motion to file a document under seal, the court must weigh carefully the interest advanced by the movant, those interests favoring public access to judicial documents and records, and any constitutional or common law right of public access

which may attach to the information at issue. See Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-81 (4th Cir. 1988). Where plaintiff has filed a public version of the affidavit sought to be maintained under seal, which contains only minimal redactions, (DE 20), the court finds that the public's interest in maintaining open access to judicial documents and records has been satisfied in this case. Accordingly, plaintiff's motion to file an unredacted version of Barnes' affidavit under seal is granted.

B.  Defendants' Motion for Expedited Discovery, Extension of Time, and Hearing

Defendants request that this court provide for expedited discovery on issues relevant to plaintiff's motion for preliminary injunction, extend defendant's deadline to file a response in opposition to plaintiff's motion for preliminary injunction until at least two weeks after such expedited discovery is complete, and set a hearing on plaintiff's preliminary injunction once briefing is concluded. The making of this motion, filed July 12, 2023, effectively has tolled defendants' response time to the underlying motion for preliminary injunction, otherwise due July 19, 2023. See Fed. R. Civ. P. Rule 6(b)(1)(A).

As commented on concerningly by plaintiff in opposition, the time within which to conduct any deposition is not specified. And while suggesting only 15 days be accorded plaintiff to respond to the written discovery, the court's review of same calls into question ability to meet such a short deadline given the expansiveness of defendants' discovery initiative here.

Defendants assert that the discovery is "necessary to test [plaintiff's] . . . claims for infringement and irreparable harm, provide the parties sufficient evidence to prepare for hearing on the [motion for preliminary injunction], and to give the court a more complete record." (Id. at 7). Defendants seek information regarding "the construction of the [patent at issue] and asserted infringement theories, the validity and infringement of the asserted design patents, and the

assertion of irreparable harm," proposing "at most" three depositions, 12 requests for production, and 13 interrogatories. (DE 26 at 6-7).

While only 12 in number, taken together with over five pages of instructions emphasizing the expansiveness of the requests, the scope of defendants' requests for documents and things is vast. For example:

> **REQUEST NO. 6**
>
> Documents and things concerning, referencing or evidencing the validity or patentability of any of the Asserted Patents, including any Prior Art searches or other documents and things concerning, referencing or evidencing the patents, publications, prior knowledge, public uses, sales, or offers for sale, that may constitute, contain, disclose, refer to, relate to, or embody any prior art to the subject matter of any claim of any of the Asserted Patents.

(DE 26-2 at 8-9).

Myriad subparts make up some of the 13 proposed interrogatories also cutting against the notion that this is limited discovery.  For example:

**INTERROGATORY NO. 4:**

> Separately for each claim of the Asserted Patents that you contend is infringed by Defendants, state the priority date to which You contend each such claim is entitled, and the factual basis for each such contention, including an explanation of where in the specification each and every limitation of the patent claim appears in sufficient detail for one of ordinary skill in the art to recognize that the inventor possessed the claimed subject matter as of the date of filing of the application, and to the extent You assert that the claimed subject matter is entitled to the priority date of an earlier filed application, an explanation of where in the specification of that earlier filed application, each and every limitation of the patent claim is described in sufficient detail for one of ordinary skill in the art to recognize that the inventor possessed the claimed subject matter as of the date of filing of such earlier filed application

(DE 26-3 at 7).

Where the Supreme Court has noted that findings of fact made in the context of a preliminary injunction are decided on a record that is "less complete than in a trial on the merits," University of Texas v. Camenisch, 451 U.S. 390, 395 (1981), defendant's argument that the motion for preliminary injunction in this case should be decided on "a more complete record" falls short. (DE 26 at 7).  The Supreme Court commented on the lack of finality and formality of a court's often hasty decision-making on a preliminary injunction, with purpose limited to preserving relative positions until trial on the merits.  Id.  Defendants' motion, if allowed, will graft formality and delay into this proceeding.  Defendants have not shown any compelling reason for such broad-based, time-consuming discovery at this juncture in the case.  Accordingly, defendants' motion

4

seeking discovery is denied. Defendants shall file response to plaintiff's motion for preliminary injunction within 14 days from date of entry of this order. Reply, if any, is due 14 days after service of that response.

## CONCLUSION

Based on the foregoing, plaintiff's motion to seal (DE 22) is GRANTED. The clerk is directed to maintain the unredacted declaration of Dane Barnes (DE 19) under seal. Defendants' motion for discovery (DE 25) is DENIED. Defendants shall file response to plaintiff's motion for preliminary injunction within 14 days of entry of this order. Reply, if any, is due 14 days after service of that response. Hearing on plaintiff's motion is set for 10 a.m. Monday, October 23, 2023.

SO ORDERED, this the 15th day of September, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge