# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| SHIBUMI SHADE, INC. | |
| Plaintiff, | Civil Action No: 5:23-cv-0297-FL |
| v. | |
| BEACH SHADE LLC, and MATTHEW FINNERAN | |
| Defendants. | |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

This action, having come on for consideration upon the Complaint of Plaintiff, Shibumi Shade, Inc. ("Shibumi"), is one for infringement of Shibumi's United States Patent Nos. 11,634,924 (the "'924 Patent"), D989,350 (the "'350 Patent"), and D990,605 (the "'605 Patent"), (collectively, the "Patents-in-Suit") by Beach Shade LLC and Matthew Finneran (collectively, "Beach Shade") via their Beach Shade Cordless product. Shibumi and Beach Shade having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Ru1es of Civil Procedure, and without trial, argument, or adjudication of any issue of fact or law, having consented to and stipulated to the entry of this Consent Judgment and Permanent Injunction under the terms provided herein:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq.* and the Lanham Act, including 15 U.S.C. § 1125(a). This Court

has jurisdiction of all pendant state law claims pursuant to 28 U.S.C. § 1367(a) because all such claims are based upon the same or substantially the same conduct by Beach Shade.

2. Shibumi owns all right, title, and interest in the Patents-in-Suit.

3. Shibumi makes, distributes, offers to sell, and sells products, the Shibumi Shade, that practice the Patents-in-Suit. Shibumi has marked the covered products in accordance with 35 U.S.C. § 287.

4. Beach Shade acknowledges the validity and enforceability of the Patents-in-Suit and the ownership thereof by Shibumi.

5. Beach Shade acknowledges that it has made, distributed, sold, offered to sell and/or imported in the United States its Beach Shade Cordless product that infringes one or more of the Patents-in-Suit.

6. Shibumi's claim for violations of N.C. Gen. Stat. §§ 75-1.1 were previously dismissed by this Court without prejudice on November 6, 2023. Dkt. 59 at 18.

7. Judgment is entered for Shibumi on its remaining claims for patent infringement.

8. Shibumi is entitled to patent infringement damages in the form of its lost profits with respect to each and every sale of a Beach Shade Cordless product by Beach Shade.

9. Beach Shade, its agents, servants, employees, principals, attorneys, and all others in active concert or participation with any of them, are permanently enjoined and restrained from:

    a. further infringement of the claims of the Patents-in-Suit; and

    b. further manufacture, importation, use, sale, and offers to sell the Beach Shade Cordless product in the United States, whether in person, in brick-and-mortar retail stores, or through Beach Shade's website, social media, or third-party online retailers.

10. Beach Shade acknowledges and agrees that the $1,000 posted by Shibumi as security for the preliminary injunction (*see* Dkt. 65) should be released to Shibumi.

11. Beach Shade acknowledges that a breach of this Consent Judgment and Permanent Injunction by Beach Shade would result in irreparable injury to Shibumi, and that in the event of a breach, Shibumi would be entitled to immediate injunctive relief to enforce this Consent Judgment and Permanent Injunction, damages, and to reimbursement of its reasonable attorneys' fees and costs arising from bringing an action against Beach Shade for enforcement of this Consent Judgment and Permanent Injunction.

12. Jurisdiction is retained by this Court for the purpose of enabling Shibumi to apply to the Court in the future for such further orders and directions as may be necessary or appropriate for the enforcement of the terms of this Consent Judgment and Permanent Injunction, as well as to enforce the terms of a separate Settlement Agreement entered into between Shibumi and Beach Shade with respect to the subject matter of this action.

13. There being no just reason for delay, the Clerk of this Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Consent Judgment and to release the $1,000 held as security to Shibumi forthwith.

SO ORDERED this 5th of February, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

The parties hereby consent to the entry of the foregoing Consent Judgment and Permanent Injunction and waive any and all rights of appeal.

| | |
|---|---|
| Respectfully submitted, | Dated: February 2, 2024 |
| **WOMBLE BOND DICKINSON (US) LLP** | **WILLIAMS MULLEN** |
| */s/ Preston H. Heard* | By: */s/ Richard T. Matthews* |
| Samuel B. Hartzell | Richard T. Matthews |
| North Carolina Bar No. 49256 | N.C. Bar. #32817 |
| 555 Fayetteville Street, Suite 1100 | Robert C. Van Arnam |
| Raleigh, North Carolina 27601 | N.C. Bar # 28838 |
| Telephone: (919) 755-2112 | Andrew R. Shores |
| Facsimile: (919) 755-6772 | N.C. Bar # 46600 |
| Sam.Hartzell@wbd-us.com | 301 Fayetteville Street, Suite 1700 |
| | P.O. Drawer 1000 |
| Preston H. Heard (*pro hac vice*) | Raleigh, NC 27602-1000 |
| Georgia Bar No. 476319 | Telephone: (919) 981-4000 |
| Christine H. Dupriest (*pro hac vice*) | Fax: (919) 981-4300 |
| Georgia Bar No. 874494 | rmatthews@williamsmullen.com |
| 271 17th Street, NW, Suite 2400 | rvanarnam@williamsmullen.com |
| Atlanta, GA 30363 | ashores@williamsmullen.com |
| Telephone: (404) 888-7366 | |
| Facsimile: (404) 879-2966 | *Attorneys for Defendants* |
| Preston.Heard@wbd-us.com | |
| Christine.Dupriest@wbd-us.com | |
| | |
| Julie C. Giardina (*pro hac vice*) | |
| Maryland Federal Bar No. 21085 | |
| 100 Light Street, 26th Floor | |
| Baltimore, MD 21202 | |
| Telephone: (410) 545-5802 | |
| Facsimile: (443) 769-1502 | |
| Julie.Giardina@wbd-us.com | |
| | |
| *Attorneys for Plaintiff Shibumi Shade, Inc.* | |

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on February 2, 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notifications of such filing to the counsel of record.

*/s/ Preston H. Heard*
Preston H. Heard